Greenberg, J.
The petitioner moves, pursuant to article 78 of the Civil Practice Act, for review and annulment of a determination made by the comptroller of the City of New York denying a refund and for direction of a refund. The proceeding involves a general business and financial tax (Local Laws, 1948, No. 44 of City of New York; Administrative Code, ch. 46, tit. B, Special City Taxes). The petitioner filed a general business return on June 15,1949, and the tax as computed by such return was paid by check dated June 13, 1949. It is alleged by the petitioner that it discovered error in fact in that its accountant had prepared the return and computed the tax upon the basis of a mistaken belief that all the gross transactions of petitioner were sales and deliveries made in New York City. Accordingly, an amended return was prepared and filed and a claim for refund was made June 12, 1950. On June 30, 1950, petitioner was advised of the denial of the claim and on July 6, 1950, a request for hearing was made and granted. Such hearing was finally held March 9, 1951, and the claim denied December 12, 1951.
Respondent contends, among other things, that payment was made without protest and therefore petitioner is not entitled to a refund and that in any event the proceeding must be transferred to the Appellate Division for disposition.
Sections B46-6.0 and B46-7.0 are applicable to the instant proceeding and by their terms it appears that a failure to file *801 a return or the filing of an incorrect or insufficient return will result in a determination of the amount of tax by the comptroller. Such determination is final upon notice thereof unless redetermined on application for hearing on the determination or on the comptroller’s own motion. After hearing and notice of the determination thereon, such determination may be reviewed under an article 78 proceeding. In the instant case, however, no such determination of the amount of the tax was made. The petitioner did not fail to make a return nor did he make a return found by the comptroller to be incorrect or insufficient. No resulting determination of the amount of tax was made by the comptroller upon either of these two grounds.
Obviously a payment was not made under protest as the petitioner was under the mistaken belief, according to the petition, that at the time the return was prepared and made all of its gross transactions represented sales and deliveries made in New York City. And also no request for a hearing was made following protest for the obvious reason that there had been no protest nor was any hearing held pursuant to section B46-6.0. Consequently, the absence of protest is no bar and the hearing which was thereafter held by the comptroller on the petition of the petitioner was not the statutory hearing provided for in the pertinent provisions of the Administrative Code.
The claim is based upon a payment made voluntarily and not as a result of a determination or a protest. The payment was made as required on or before the last day on which the return was required to be filed. Consequently, no determination was made by the comptroller with respect to the taxes paid and the claim of refund was not made with respect to any determination.
However, petitioner did make a return of gross sales and the burden is upon it to establish that the sales or any part thereof are not subject to imposition of the tax. At the hearing (not the statutory hearing) there was general testimony of the method of business operations employed by petitioner and proof in a few instances of sales originating and concluding outside of New York City. When the hearing was closed it was agreed that the comptroller was to make an audit and within thirty days after completion of the minutes of the hearing the taxpayer or the comptroller could request a reopening of the hearing for additional proof. Apparently none of these things was done and it does not appear on this record what portion of petitioner’s receipts are not allocable to sales subject to the imposed tax. There is no basis, therefore, on this review to determine what portion of the tax was paid in error. In these circumstances and in the interests of justice, the motion is granted to the *802 extent of remanding the matter to the respondent for further proof and consideration.
In the light of the fact that petitioner had no statutory hearing, the court is not required to transfer this matter to the Appellate Division of the Supreme Court for review.
Settle order.
(On reargument, May 8, 1952.)
Respondent joins in petitioner’s application for reargument. Petitioner insists that it would be entitled to the return of the full sum in dispute if it were entitled to any refund and there is no need for remand. Respondent agrees there is no need for remand if it is found the application for refund was improperly denied. Petitioner insists further that the matter is properly to be determined at Special Term, while respondent urges it be transferred to the Appellate Division for determination. The court finds that there was no statutory hearing. It finds, also, there was a mistake of fact. In view of the respondent’s insistence that final determination on the basis of those findings is in order and no remand is required, the application for reargument is granted. The order of January 24,1952, is recalled and petitioner’s application is granted to the extent of annulling the determination of the respondent denying refund. Settle order.